# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ISABELLA WORTH,**

    **Plaintiffs,**

                              **Case Number:**

**v.**

**SCOTT MATTHEWS and**
**TRANSFIRST MEDIA, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Isabella Worth, by and through there undersigned counsel, hereby brings this action for unpaid wages against Defendants pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of their complaint, Plaintiff states as follows:

2. Plaintiff was employed by Defendants as a concierge in Defendants' media and marketing organization.

3. Plaintiff was hired by Defendants on April 29, 2019.

4. Defendant Scott Matthews is the president of Defendant Transfirst Media, Inc. and was Plaintiff's manager during her employment with Defendants.

5. Defendant Scott Matthews recruited and hired Plaintiff on behalf of himself and Transfirst Media, Inc. and determined Plaintiff's rate of pay.

6. Defendant Scott Matthews regularly assigned Plaintiff work and created Plaintiff's work schedule on behalf of Defendants.

7. Plaintiff regularly communicated with Defendant Scott Matthews regarding work related matters and her unpaid wages.

8. Defendant Transfirst Media, Inc. operates as a digital media, marketing, and communication company.

9. Defendant Transfirst Media, Inc. is headquartered in Orange County, Florida.

10. Defendant Transfirst Media, Inc. maintains its principal office at 7512 Dr. Phillips Boulevard, Suite 50-200, Orlando, Florida 32819.

11. At all times relevant to this action, Plaintiff worked for Defendants and performed services for Defendants in Orange County, Florida.

12. At all times during her employment, Plaintiff was employed by Defendants as a non-exempt, hourly employee.

13. Indeed, Defendants paid Plaintiff on an hourly basis at a rate of $12.50 per hour.

14. During the entirety of her employment, Plaintiff worked at least 25 hours per week, on average.

15. Plaintiff was not paid at least minimum wage for all of the hours she worked for Defendants while employed by Defendants.

16. Plaintiff terminated her employment with Defendants on June 18, 2019.

17. Plaintiff was to be paid an hourly wage, not a salary. Plaintiff was not subject to any minimum wage exemptions or exceptions under the FLSA.

18. Defendants engaged in an illegal policy of requiring Plaintiff to work 25 hours in each workweek of her employment with Defendants and did not pay Plaintiff for all hours worked.

19. Defendants failed to pay Plaintiff at least minimum wage for all hours worked in direct violation of 29 U.S.C. § 206.

20. Defendants engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff for all hours worked while she was employed by Defendants in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

21. As a result, Plaintiff often performed work for Defendants at a rate well below minimum wage.

22. As of this date, Plaintiff still has not been paid the entirety of her wages and have not been compensated for the full extent of their damages and wage loss under the FLSA.

23. Plaintiff seeks full compensation, including back wages, liquidated damages, attorney's fees, and costs because Defendants' conduct in refusing to pay Plaintiffs at least minimum wages was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendants.

24. Defendant Transfirst Media, Inc. is a for profit corporation that operates and conducts business in, among others, Orange County, Florida, and is therefore, within the jurisdiction of the Court.

25. Defendant Scott Matthews is the president of Defendant Transfirst Media, Inc. and directly assigned, managed, and scheduled Plaintiff's work in Orange County, Florida and is therefore, within the jurisdiction of the Court.

26. Defendants, at all relevant times to this complaint, were Plaintiff's employers as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the marketing industry as Defendant Transfirst Media, Inc. is marketing company that specifically markets to tourists who are visiting Florida from other states.

27. Defendant Scott Matthews was Plaintiff's employer because he regularly directed Plaintiff's work, supervised Plaintiff's employment, and assigned Plaintiff's work schedule.

28. Defendant Transfirst Media, Inc. routinely deals with interstate clients and uses computers, credit cards, and data transmission lines to facilitate business with out of state clients. This also would include using materials and other resources that do not originate within the State of Florida to operate an enterprise that is so integrally integrated to interstate commerce.

29. This action is brought under the FLSA to recover from Defendants, unpaid minimum wages in the form of back wages, liquidated damages, and reasonable attorneys' fees and costs.

30. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Orange County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

31. At all material times relevant to this action, Defendant Transfirst Media, Inc. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant Transfirst Media, Inc. as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the digital marketing arena. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant Transfirst Media, Inc. has an annual volume of at least $500,000.00 in revenue and has two or more employees that engage in interstate commerce by representing out of state clients and intentionally marketing to individuals who are visiting Florida from other states. Defendant Transfirst Media, Inc. routinely uses telephones, fax machines, electronic mail and other instrumentalities of commerce to communicate with out of state clients.

32. At all material times relevant to this action, Plaintiff in her capacity as concierge was individually covered by the FLSA. The very essence of Plaintiff's employment, marketing to hotel guests who were visiting Florida from other states, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

33. Specifically, as a concierge, Plaintiff was required to market and advertise Orlando's attractions to guests who were visiting Orlando, Florida from other states and countries.

34. Indeed, Plaintiff was regularly required to communicate with potential buyers who were visiting Florida from out of state.

35. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control Defendants' budget in any way. Plaintiff did not implement legal compliance measures.

36. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all hours worked during her employment.

37. Defendants are in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of hours worked by Plaintiffs during each week of her employment.

38. However, Plaintiff alleged that she routinely worked 25 hours per week, including time for which Defendants made no provisions to properly record.

39. On numerous occasions, Plaintiff requested to be paid for her work but Defendants refused to pay the wages owed.

40. Defendants failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF MINIMUM WAGES

41. Plaintiff reincorporates and readopt all allegations contained within Paragraphs 1-40, above.

42. Plaintiff was employed by Defendants and she was, at all times, protected by the FLSA.

43. Plaintiff was entitled to receive at least minimum wage for all hours worked for Defendants.

44. Defendants engaged in an illegal policy of not paying Plaintiff at least minimum wage for all hours worked.

45. Plaintiff often earned significantly less than minimum wage for all hours worked.

46. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

47. Plaintiff demand a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 22nd day of October, 2019,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com